C. M. KELLOGG AND E. F. KELLOGG, Appellant, v. F. H. WINDOW.

**Validity of Judgment:** JOINT DEFENDANTS: *Husband and wife.* A judgment for plaintiff, in a suit against husband and wife, on their joint note, is valid as to the wife, who, after appearing and filing an answer, withdrew the same, and made no further defense, though invalid as to the husband, who was not served.

*Appeal from Floyd District Court.*—HON. P. W. BURR, Judge.

WEDNESDAY, JANUARY 20, 1897.

In March, 1885, the defendant in this suit obtained a judgment against the plaintiffs herein, on their joint promissory note, for seventy-six dollars and twenty cents, with costs and attorney's fees. This action is to set aside such judgment. It appears from the petition in this case that C. M. Kellogg had no

notice of the pendency of the other suit; that he neither appeared, nor authorized an appearance for him; and that he did not know of the judgment until several years after its rendition. It also appears, from the petition in this case, that the plaintiffs herein, had a meritorious defense to the notes in the other suit, in that they were obtained by fraud, and were without consideration. By a supplemental petition, it was made to appear that, since the commencement of this suit, property of the plaintiff had been seized by virtue of an execution issued on said judgment. By an amendment to the petition, the judgment in the other suit is set out, and made a part of the petition. Defendant then moved to dissolve the temporary injunction as to E. F. Kellogg, and the court sustained the motion. Plaintiffs then further amended their petition by setting out a contract between C. M. Kellogg and the defendant, which contract was the consideration for the notes on which the judgment was obtained. This contract provided for certain medical services to be rendered by defendant for the plaintiffs, and the amendment shows a breach of the contract in such terms as would have constituted a defense to the notes in the other suit. The judgment entry in the other suit, made a part of the petition in this suit, recites an appearance therein by both defendants, by attorney, the filing of an answer, and afterward a waiving of a jury, the withdrawal of the answer, and a judgment for the amount stated. Defendant moved to dismiss the action as to E. F. Kellogg, for the reason, among others, that it appears that the judgment sought to be set aside is a valid one. The court sustained the motion, and from the order dismissing the petition, the plaintiff, E. F. Kellogg, appealed.—*Affirmed.*

*Robert Eggert* for appellant.

*Ellis & Ellis* for appellee.

GRANGER, J.—It will be seen that the only question we have to consider is, was there a valid judgment in the other suit against E. F. Kellogg? E. F. Kellogg is the wife of her co-plaintiff, and it will be remembered that she appeared in the other suit, filed an answer, and then withdrew it, and permitted judgment to be entered against her. For the purpose of the case, the judgment as to her husband will be treated as void. It is urged as an outrage on justice, that E. F. Kellogg should be required to pay a judgment, when her co-defendant, who has a complete defense, was not served with notice. The claim might be true, if she herself were not in fault for the position she is in. She was a joint maker of the notes on which judgment was entered. She was in court, with the privilege of making the defense that her co-defendant could have made. By her action in withdrawing her answer, she confessed her liability on the notes. It is her fault, rather than that of the law, that she is now a judgment debtor. In a sense, she is a judgment debtor on her own confession. Appellant cites a common law rule that actions must be brought against all joint obligors on a contract, or note. It is admitted that Code section 2550, so changes the common law rule as to permit an action against any one of joint obligor; but it is said that it does not permit a judgment to be entered against a joint obligers who has not been served, and as to whom the court has not jurisdiction. That is true, but it has no other effect than that the judgment is void as to such party. The entry of a void judgment as to C. M. Kellogg did not change the

situation as to E. F. Kellogg.   No objection is made as to the manner of presenting the question, and the judgment must stand AFFIRMED.